UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TOMMY CORRAL, | ) | 1:12-cv—01315-LJO-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S MOTION |
| | ) | FOR A CERTIFICATE OF |
| | ) | APPEALABILITY (DOC. 14) |
| v. | ) | |
| | ) | |
| F. GONZALEZ, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |
| _____ | ) | |

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303.  Pending before the Court is Petitioner's motion for a certificate of appealability filed on April 22, 2013.

    The docket reflects that on April 8, 2013, the Court adopted the Magistrate Judge's findings and recommendations to dismiss some claims in the petition for writ of habeas corpus without leave to amend and to dismiss one claim with leave to file a first amended petition within thirty days.  On April 22, 2013, Petitioner filed a notice of appeal from this order as well as

1  the motion for a certificate of appealability.

2  A district court must issue or deny a certificate of
3  appealability when it enters a final order adverse to the
4  applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases
5  in the United States District Courts.

6  The Court of Appeals has jurisdiction of appeals from "all
7  final decisions" of the district courts except where direct
8  review may be had in the Supreme Court.  28 U.S.C. § 1291.
9  Pursuant to 28 U.S.C. § 1291, a judgment is final for purposes of
10 appeal when it 1) is a full adjudication of the issues, and 2)
11 clearly evidences the judge's intention that it be the court's
12 final act in the matter.  Patel v. Del Taco, Inc., 446 F.3d 996,
13 1000 (9th Cir. 2006).  An order which does not dispose of all
14 claims as to all parties is generally not appealable.  Chacon v.
15 Babcock, 640 F.2d 221, 222 (9th Cir. 1981).  An order dismissing
16 a complaint or petition with leave to amend is not a final or
17 appealable order unless final dismissal or judgment has also been
18 entered.  WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136
19 and 1136 n.1 (9th Cir. 1997).

20 Here, no final decision has been made in Petitioner's case
21 because the issues have not been adjudicated.  The Court's order
22 from which Petitioner appeals was merely an interim screening
23 order; the Court clearly intended that an additional pleading be
24 filed, and thus the order was not intended to be the Court's
25 final act in the case.  The petition has not been dismissed
26 because at this point in time, the time period for filing a first
27 amended petition has not expired, and Petitioner has not informed
28 the Court that he intends to stand on his originally filed

2

pleading. See, Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004) (citing Ferdick v. Bonzelet, 963 F.2d 1258 (9th Cir. 1992)).

Therefore, there is no final order before the Court that is adverse to the applicant within the meaning of habeas Rule 11(a).

Accordingly, because it would be premature to issue a certificate of appealability, it is ORDERED that Petitioner's motion for a certificate of appealability is DENIED.

IT IS SO ORDERED.

**Dated:   April 25, 2013**               /s/ Sheila K. Oberto
                                      UNITED STATES MAGISTRATE JUDGE

3