UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY CORRAL,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>F. GONZALEZ, Warden, et al.,<br><br>　　　　Respondents. | Case No. 1:12-cv-01315-LJO-SKO<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS WITHOUT LEAVE TO AMEND (DOC. 18), DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DIRECT THE CLERK TO CLOSE THE CASE<br><br>**OBJECTIONS DEADLINE: 30 DAYS** |

　　Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304. Pending before the Court is the first amended petition (FAP), which was filed on May 6, 2013.

　　By previous order of the Court, various claims raised by Petitioner in the original petition concerning his 2008 gang validation and placement in the security housing unit (SHU) were

dismissed without leave to amend, and Petitioner was granted leave to file a first amended petition with respect to a procedural due process claim.  Petitioner's claims concerning the procedures relating to his gang validation were dismissed without leave to amend as successive.  Further, the Court dismissed without leave to amend his ex post facto claim concerning the application of Cal. Pen. Code § 2933.6, which took effect on January 25, 2010, and withdrew from inmates housed in the SHU the opportunity to earn credits pursuant to Cal. Pen. Code § 2933 or 2933.05.

I.  Screening the First Amended Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...."  Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also, Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested.  Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)).  Allegations in a petition that are vague, conclusory, or palpably incredible are

1 subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at
2 491.
3     The Court may dismiss a petition for writ of habeas corpus
4 either on its own motion under Habeas Rule 4, pursuant to the
5 respondent's motion to dismiss, or after an answer to the petition
6 has been filed. Advisory Committee Notes to Habeas Rule 8, 1976
7 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir.
8 2001). However, a petition for habeas corpus should not be
9 dismissed without leave to amend unless it appears that no tenable
10 claim for relief can be pleaded were such leave granted. Jarvis v.
11 Nelson, 440 F.2d 13, 14 (9th Cir. 1971).
12     II.  Failure to State a Cognizable Due Process Claim
13     Because the petition was filed after April 24, 1996, the
14 effective date of the Antiterrorism and Effective Death Penalty Act
15 of 1996 (AEDPA), the AEDPA applies to this proceeding. Lindh v.
16 Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484,
17 1499 (9th Cir. 1997).
18     A district court may entertain a petition for a writ of habeas
19 corpus by a person in custody pursuant to the judgment of a state
20 court only on the ground that the custody is in violation of the
21 Constitution, laws, or treaties of the United States. 28 U.S.C.
22 §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7
23 (2000); Wilson v. Corcoran, 562 U.S. -, -, 131 S.Ct. 13, 16 (2010)
24 (per curiam).
25     Petitioner alleges that he is an inmate of the California
26 Correctional Institution at Tehachapi, California (CCIT) serving a
27 sentence which he describes as a twenty-eight year sentence; he does
28 not identify his commitment offense. (FAP, doc. 18, 2.) Petitioner

3

alleges his right to due process of law has been violated because the California Department of Corrections and Rehabilitation (CDCR) has inflicted a credit loss upon him and has increased the minimum and mandatory duration of his confinement by twenty-seven months without affording him unspecified procedures mandated by Wolff v. McDonnell, 418 U.S. 539 (1974). In support of his claim, Petitioner alleges that in 2008, he was housed in the SHU for an indeterminate period based on his gang validation; he has been free of disciplinary findings since 2006; he did not receive notice of his SHU placement until after the fact; every six months he receives a review of his placement by the institutional classification committee, where his counselor recites that Petitioner is indefinitely assigned to the SHU and will not be eligible for release from the SHU until May 6, 2014, when he will receive a review by the Office of Correctional Safety of his active or inactive gang affiliation status. (Id. at 5-6.)

Petitioner further alleges that on February 22, 2010, an institutional classification committee informed him that his minimum eligible release date was being changed from September 7, 2022, to November 30, 2024, effective immediately. Petitioner's statement of facts reveals that this change was based on the withdrawal of the opportunity to earn future credit because there is no straightforward claim or any documentation suggesting that any credit that Petitioner had actually earned was ever forfeited. The Court takes judicial notice of pages 30 and 31 of the initial petition (doc. 1, 30-31), which are pages from a director's level appeal decision in the course of an institutional appeal proceeding

4

concerning Petitioner's complaint regarding his credit.[1] The document shows that Petitioner was assigned to the new group effective January 25, 2010, pursuant to Cal. Pen. Code § 2933.6, and that § 2933.6 was only being applied prospectively beginning on the date the enactment took effect. (Id.) Thus, Petitioner's claim is not based on the forfeiture of earned credits, but rather on the loss of the opportunity to earn credits.

Further, although Petitioner alleges he is not allowed to challenge his SHU placement in any way (FAP 7), the appeal document attached to the original petition reveals that the prison extended to Petitioner the opportunity to debrief at any time with respect to his gang affiliation and thereby to affect his placement. (Doc. 1, 31.)

Petitioner asserts that his inability to earn credit while housed in the SHU as a gang affiliate is punitive and that he has not received all the procedures required by Wolff v. McDonnell. Petitioner complains that he was not charged with a rule violation or allowed to defend against an allegation of misconduct, call witnesses in his defense, present documentary evidence in his defense, investigate, or cross-examine adverse witnesses. However, for placement in a maximum security setting, the procedures of notice, an opportunity to be heard in the context of informal, non-adversarial proceedings, and notice of an adverse decision are adequate due process safeguards. Wilkinson v. Austin, 545 U.S. 209, 228-29 (2005). The copy of the director's level appeal decision

---

[1] The Court may take judicial notice of court records. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981).

5

reveals that Petitioner appeared before a classification committee on February 24, 2010; had input regarding his status and placement; and was informed of the decision with respect to his credit-earning status. (Doc. 1, 30-31.) Thus, Petitioner was neither deprived of any required procedures nor entitled to the additional procedures found to be required in Wolff.[2]

With respect to Petitioner's retention in the SHU, due process requires that prisoners confined to administrative segregation receive periodic reviews of their placement. Toussaint v. McCarthy, 926 F.2d 800, 803 (9th Cir. 1990) (holding that periodic review every 120 days of the decision to segregate an inmate satisfies procedural due process). Petitioner admits he receives periodic reviews by the classification committee every six months where he is permitted to be present. (FAP 6.) Further, California law provides for periodic reviews of inmates serving indeterminate SHU terms. See, Cal. Code Regs., tit. 15, § 3341.5 (extending to inmates indeterminately assigned to the SHU review by a classification committee every 180 days for consideration of release to the general inmate population).

In sum, the facts as alleged by Petitioner and established by the documents attached to the petitions do not point to a real

---

[2] The processes mandated in Wolff for prison disciplinary hearings include 1) written notice of the charges; 2) at least a brief period of time after the notice (no less than twenty-four hours) to prepare for the hearing; 3) a written statement by the fact finders as to the evidence relied on and reasons for the disciplinary action; 4) an opportunity for the inmate to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals; and 5) aid from a fellow inmate or staff member where an illiterate inmate is involved or where the complexity of the issues makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case. See, Wolff v. McDonnell, 418 U.S. at 564, 566, 570.

6

possibility of a procedural due process violation or otherwise entitle Petitioner to relief.  Further, because Petitioner's own submissions establish that he received all procedures required by due process of law, Petitioner could not state a tenable due process claim based on the absence of Wolff procedures even if leave to amend were granted.

Accordingly, it will be recommended that Petitioner's due process claim be dismissed without leave to amend.

### III.  Conditions of Confinement

This Court has a duty to determine its own subject matter jurisdiction, and lack of subject matter jurisdiction can be raised on the Court's own motion at any time. Fed. R. Civ. P. 12(h)(3); CSIBI v. Fustos, 670 F.2d 134, 136 n.3 (9th Cir. 1982) (citing City of Kenosha v. Bruno, 412 U.S. 507, 511-512 (1973)).  When a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the action.  Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006); Moore v. Maricopa County Sheriff's Office, 657 F.3d 890, 894 (9th Cir. 2011).

A federal court may only grant a state prisoner's petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that

confinement.  <u>McCarthy v. Bronson</u>, 500 U.S. 136, 141-42 (1991); <u>Preiser</u>, 411 U.S. at 499; <u>Badea</u>, 931 F.2d at 574; Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.

Habeas jurisdiction might be predicated on some conditions claims if there is a sufficient nexus to the length of imprisonment or a sufficient likelihood of affecting the overall length of a prisoner's confinement.  <u>Docken v. Chase</u>, 393 F.3d 1024, 1030-31 (9th Cir. 2004).  However, measurement of the likelihood will result in an absence of habeas jurisdiction where the challenge will not necessarily shorten the overall sentence.  <u>Ramirez v. Galaza</u>, 334 F.3d 850, 859 (9th Cir. 2003).  In <u>Ramirez</u>, expungement of the disciplinary action was not shown to be likely to accelerate eligibility for parole; rather, success there would have meant only an opportunity to seek parole from a board that could deny parole on any ground already available to it.  Thus, the suit did not threaten to advance the parole date.  <u>Id.</u> at 859.

Here, Petitioner has not alleged facts that show this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 2254 over this proceeding because he has not shown that the challenged conduct of prison officials and staff has affected the legality or duration of his confinement as opposed to the conditions of his confinement. Petitioner suffered no loss of earned credit; only his conditions of confinement changed because he was no longer eligible to earn time credit.

Further, although Petitioner asserts his release date was recalculated and postponed based on the application of § 2933.6, it appears that the earlier calculation was based on an assumption that Petitioner would earn future credits, whereas the

8

recalculation was based on the assumption that Petitioner would not be earning the credits in the future due to the operation of § 2933.6 and his placement in the SHU.  Any actual effect on the duration of Petitioner's confinement is speculative at best.

Finally, when Petitioner's allegations are viewed in the context of his sentence, it is apparent that he has not demonstrated a sufficient nexus to the length of imprisonment or a sufficient likelihood of affecting the overall length of his confinement.  <u>See</u>, <u>Docken v. Chase</u>, 393 F.3d at 1030-31.  Petitioner alleges that he is serving a sentence of twenty-eight years.  (FAP 2.)  For screening purposes, the Court takes judicial notice of Petitioner's previous petition concerning his gang validation in <u>Tommy Corral v. F. Gonzalez, Warden, et al.</u>, case number 1:10-cv-00699-LJO-SMS-HC, which included documentation of periodic classification committee reviews of Petitioner's SHU placement in which Petitioner's commitment offense was detailed.  The documents reflect that Petitioner's commitment offense is second degree murder with enhancements for discharge of a firearm and street gang activity. (Doc. 1 at 48-49.)  Further, the document recites that Petitioner was a first termer received into the CDCR on May 15, 1999 from Los Angeles County. (<u>Id.</u>)

In California, the offense of second degree murder is generally punished by imprisonment in the state prison for a term of fifteen (15) years to life.  Cal. Pen. Code § 190(a).[3]  An indeterminate life

---

[3] Cal. Pen. Code § 190 provides for imprisonment of twenty-five years to life if the victim is a peace officer known to have been performing official duties; for life imprisonment without the possibility of parole if a peace officer was killed with intent to kill or inflict great bodily injury or if the defendant personally used a firearm or deadly or dangerous weapon; and for twenty years to life if the killing was perpetrated by shooting a firearm from a motor vehicle with the

9

sentence is in legal effect a sentence for the maximum term of life. People v. Dyer, 269 Cal.App.2d 209, 214 (1969). Generally, a convicted person serving an indeterminate life term in state prison is not entitled to release on parole until he is found suitable for such release by the Board of Parole Hearings (previously, the Board of Prison Terms). Cal. Pen. Code § 3041(b); Cal. Code of Regs., tit. 15, § 2402(a). Under California's Determinate Sentencing Law, an inmate who is serving an indeterminate sentence for murder may serve up to life in prison, but he does not become eligible for parole consideration until the minimum term of confinement is served. In re Dannenberg, 34 Cal.4th 1061, 1078 (2005). Further, Cal. Pen. Code § 190(e) expressly provides that the credits set forth in the code commencing with Cal. Pen. Code § 2930 "shall not apply to reduce any minimum term of a sentence imposed pursuant to this section," and that a person sentenced pursuant to § 190 "shall not be released on parole prior to serving the minimum term of confinement" prescribed by the section, which in this case is fifteen years. Cal. Pen. Code § 190(e), 1996 Cal. Stats., ch. 598, § 1.

    Here, the documents submitted by Petitioner reveal that Petitioner received a sentence that was indeterminate in the sense that the maximum period would be life, although the minimum term of confinement appears to have been lengthened by enhancements for discharging a firearm and street gang activity. (Doc. 1, 48.) Because Petitioner remains subject to an indeterminate term of life for the substantive offense of second degree murder, any decision

---

intention to inflict great bodily injury; otherwise, the punishment is state prison for fifteen years to life. Cal. Pen. Code § 190.

10

concerning Petitioner's right to earn credit while housed in the SHU would not have any direct or discernible impact upon his ultimate release on parole. Petitioner has not alleged facts to demonstrate that success in this suit would affect the legality or duration of his confinement. Thus, Petitioner has not alleged facts that demonstrate subject matter jurisdiction in this Court.

In sum, Petitioner has not stated facts warranting habeas corpus relief for a procedural due process violation or demonstrating subject matter jurisdiction in this Court pursuant to 28 U.S.C. § 2254.

Petitioner has already been given one chance to amend his petition, and no facts appear that would suggest that if Petitioner were again given leave to amend, he could state a valid procedural due process claim or allege facts demonstrating subject matter jurisdiction in this Court. Accordingly, it will be recommended that the petition be dismissed without leave to amend.

IV.   Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to

11

proceed further.  Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, or (2) the district court was correct in any procedural ruling.  Slack v. McDaniel, 529 U.S. at 483-84.

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong.  Id.  An applicant must show more than an absence of frivolity or the existence of mere good faith; however, an applicant need not show the appeal will succeed.  Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.  Therefore, it will be recommended that the Court decline to issue a certificate of appealability.

V.  Recommendations

In accordance with the foregoing, it is RECOMMENDED that:

1) The petition for writ of habeas corpus be DISMISSED without leave to amend; and

      2) The Court DECLINE to issue a certificate of appealability; and

      3) The Clerk be DIRECTED to close the case.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **July 8, 2013**                  **/s/ Sheila K. Oberto**
                                                  UNITED STATES MAGISTRATE JUDGE

13